FILED
 2009 Dec-15  AM 08:37
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **TOMMY RAY SCOTT,** | ] |
| Plaintiff, | ] |
| vs. | ] CV 09-J-1179-S |
| **MICHAEL J. ASTRUE,** **Commissioner of the Social Security Administration**, | ] |
| Defendant. | ] |

**MEMORANDUM OPINION**

This matter is before the court on the record and the briefs of the parties. The court has jurisdiction pursuant to 42 U.S.C. § 405. The plaintiff is seeking reversal and remand of the final decision of the Commissioner. All administrative remedies have been exhausted.

The plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income, asserting he was unable to work due to bilateral hip pain after undergoing bilateral hip replacements due to avascular necrosis (R. 105, 169, 198). His applications for benefits were denied initially (R. 41, 43) and again by an Administrative Law Judge ("ALJ") on December 23, 2008 (R. 12-19). The ALJ's determination became the final decision when the Appeals Council denied the plaintiff's request for review (R. 1-3).

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether the correct legal standards were applied. *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983). The court has carefully reviewed the entire record in this case and is of the opinion that the

Commissioner's decision is supported by substantial evidence and that the proper legal standards were applied in reaching that decision.

The plaintiff argues that the ALJ's decision is not supported by substantial evidence because the ALJ failed to find a period of disability of twelve months and failed to obtain a medical expert review and opinion. The court finds the evidence contained in the record does not support a finding of disability lasting twelve months. In December 2006, approximately six months after the first hip replacement, the plaintiff's treating physician noted that he wanted to see the plaintiff back in six weeks "and then likely try to get him back to work" (R. 219). In February 2007, still less than a year after his first surgery, the plaintiff informed his treating physician he would like to get back to work (R. 232). Plaintiff's treating physician made no recommendation that he not do so.

As to the plaintiff's contention that the ALJ erred in not obtaining a medical source opinion, the plaintiff recognizes that there is no express requirement an ALJ do so. Plaintiff's memorandum, at 8. The ALJ did consider the opinion of the consultative physician to whom plaintiff was sent by counsel. The ALJ is under no obligation to accept the specific functional limitations set forth by a consultative physician, especially where, as here, they are not supported by the record as a whole. *See* 20 C.F.R. § 404.1527(e) (noting that opinions on whether claimant is disabled and claimant's RFC "are not medical opinions, ... but are, instead, opinions on issues reserved for the Commissioner because they are administrative findings that are dispositive of a case ..."); *Syrock v. Heckler*, 764 F.2d 834, 835 (11th Cir.1985) ("the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion"). The record demonstrates that while the plaintiff has limitations, he failed to establish that he has any limitation which prevents him

from performing all substantial gainful employment.  *See Powell o/b/o Powell v. Heckler*, 773 F.2d 1572, 1576 (11th Cir.1985) (stating that the plaintiff retains the ultimate burden of proof of disability).

 Based upon the court's evaluation of the evidence submitted to and adduced at the hearing before the Administrative Law Judge and considered by him and the Appeals Council, the court is satisfied that the decision of the Administrative Law Judge is based upon substantial evidence and that the Administrative Law Judge applied the correct legal standard to each issue presented.  Accordingly, the decision of the Commissioner of the Social Security Administration will be affirmed by separate order.

 Done, this 15th day of December, 2009.

_____<br>
INGE PRYTZ JOHNSON<br>
U.S. DISTRICT JUDGE